ORANGE LAW OFFICES, P.C.
Olu K. Orange, Esq. (SBN 213653)
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
T: (213) 736-9900 / F: (213) 417-8800
orangelawoffices@att.net

LAW OFFICE OF SHAWNA L. PARKS
Shawna L. Parks, Esq. (SBN 208301)
4470 W. Sunset Blvd., Ste. 107-347
Los Angeles, CA 90027
Phone/Fax: (323) 389-9239
sparks@parks-law-office.com

LEARNING RIGHTS LAW CENTER
Janeen Steel (SBN 211401)
janeen@learningrights.org
Patricia A. Van Dyke (SBN 160033)
patsy@learningrights.org
205 S. Broadway, Suite 808
Los Angeles, California 90012
T: (213) 542-1834 / F: (213) 489-4033

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.G., a minor, by and through her guardian *ad litem*, Brittany Dorn; A.D.G., and R.L., minors, by and through their guardian *ad litem*, Derek Spencer; N.B., a minor, by and through his guardian *ad litem*, Araceli Boyce; A.G., a minor, by and through his guardian *ad litem*, Karla Garcia; CHRISTAL LORD; and DYANNA SANABRIA; individually and as class representatives;<br><br>*Plaintiffs,*<br>vs.<br><br>CITY OF LOS ANGELES, VINCENT BERTONI, HIRO KOBAYASHI, 3568 MOTOR LLC, AND DOES 1 THROUGH 10.<br><br>*Defendants.* | Case No.: CV17-09003 JAK (JPR)<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SETTING A DATE FOR COUNSEL TO MEET AND CONFER RE CURRENTLY CONTEMPLATED MOTIONS, DISPUTES AND FRCP RULE 26(f); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF OLU K. ORANGE; EXHIBITS**<br><br>*Assigned for all purposes:*<br>Hon. John A. Kronstadt<br>Hon. Jean P. Rosenbluth<br><br>Courtroom 10B |

TO THE HON. JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE:

Plaintiffs hereby apply *ex parte* for an order setting a date for counsel to meet and confer regarding currently contemplated motions, disputes and FRCP rule 26(f). As explained more fully in the attached Declaration of Counsel, good cause exists for the relief sought.

## NOTICE OF EX PARTE APPLICATION

Notice of this application was given to each defendants' counsel on February 2nd and 7th of 2018. On each occasion, defense counsel were queried as to their position and either refused to state whether or not they oppose this application, artfully stated that they could not determine whether they oppose, or stated that they are not aware of the urgency. Accordingly, plaintiffs understand defendants to oppose.

DATED: February 23, 2018.

ORANGE LAW OFFICES, P.C.

_____/S/ - *Olu K. Orange*_____
Olu K. Orange, Esq.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants have refused five requests to set a date to meet and confer about this case. On each occasion, plaintiffs' counsel, Olu K. Orange, has explained the need for the meeting, requested a date within a reasonable range of dates, and offered complimentary parking to all who attend. Regardless of whether it was requested as a meet and confer about discovery, a meet and confer about a motion (preliminary injunction or class certification), or the FRCP Rule 26(f) conference, every request has been denied.

Plaintiffs take no pleasure in making this request, but are left with no option but to bring the matter before the Court in light of defendants' conduct. Accordingly, upon the bases set forth below, plaintiffs request that the Court issue an order setting a date by which the parties to this case must meet and confer about, discovery, forthcoming motions, and resolving any issues that can be handled without Court intervention

### I.   PERTINENT FACTS

This lawsuit is brought on behalf of 350+ elementary school students and their teachers, all of whom are presently in harm's way due to defendants' multi-year demolition, excavation and construction project occurring on the fence-line of their school's kindergarten playground. By their own documentation, defendants' activites will send carcinogenic material, toxic dust, vapors, PM2.5 and PM10 particles, volatile organic compounds, reactive organic gases, NOx gas, and other poisonous contaminants into the air -- covering the children's play areas and the school. Additionally, the project will generate extreme and ongoing noise.

As detailed in plaintiffs' pleadings, many of the students and teachers have disabilities, educational and health issues which will be adversely impacted by the noise and toxins. Moreover, for all of the children and their teachers, the school will be made unsafe and unworkable as an educational and employment environment.

One of plaintiffs' experts, environmental scientist Dr. Paul Rosenfeld, has opined that defendants' project presents significant health risks to nearby adults and children far exceeding regulatory thresholds for carcinogens. Dr. Rosenfeld has thus called for a full health risk assessment ("HRA") to more particularly identify and quantify the risks to the children, their teachers and nearby residents. (EXHIBIT G, Rosenfeld report). Defendants refuse to perform a HRA, and similarly refuse to perform a full environmental impact report. Defendants also refuse to disclose sufficient information to allow either study to otherwise be performed.

Necessitating this motion, defendants further refuse to meet and confer regarding a discovery plan. Defendants refuse to meet and confer regarding a motion for a preliminary injunction. Defendants even refused to respond, in one instance, and meaningfully respond in another, to meet and confer communications regarding this *ex parte*. As a practical matter, defendants refuse to meet and confer about resolving any issue for which they themselves are not "under-the-gun."[1] In fact, plaintiffs' last meet and confer request, of February 7, 2018, was simply ignored.

Nevertheless, though defendants have been refusing to meet and confer with plaintiffs, defendants have continued with their demolition, excavation and construction schedule immediately next to plaintiffs' kindergarten playground. (EXHIBIT H, Kindergarten fence-line). They have sprayed pre-demolition pesticides (EXHIBIT A, Teacher's plea for assistance), jackhammered concrete (EXHIBIT B, Video and audio of jackhammering), demolished the existing building (EXHIBIT C, Video of demolition and particles) and erected street-side walls for advertising (EXHIBIT D, Memo re walls). In doing these things, defendants have already begun spreading the toxins, causing the noise and disruption, and exposing plaintiffs to

---

[1] On February 21, 2018, additional defense counsel for City defendants contacted plaintiffs' counsel about a request for an extension on filing their response to the operative complaint. There have been no other communications from any defense counsel since plaintiffs' February 7, 2018, request for a meet and confer regarding case issues. See EXHIBIT E, Page 1.

some of risks of grave harm which prompted plaintiffs to come to this Court to seek protection through this lawsuit.

## II. PROCEDURAL HISTORY

Plaintiffs' original complaint was filed on December 15, 2017. The operative complaint (first amended) was filed on January 4, 2018. Summonses were issued on January 10, 2018, and service was hastily made upon City defendants (City of Los Angeles and Vincent Bertoni) on January 10, 2018 (see Docket No. 31), and developer defendants (Hiro Kobayashi and 3567 Motor LLC) on January 11, 2018 (see Docket No. 32). Both sets of defendants requested extensions to respond, and plaintiffs politely agreed.

## III. DEFENDANTS' DELAY TACTICS – FIVE REFUSALS TO MEET AND CONFER

In the face of plaintiffs' collegiality, defendants have steadfastly refused to meet and confer regarding this case. Defendants contend that the result of a pending Los Angeles City Council appeal will determine the outcome of all of the state and federal claims in this case. Plaintiffs, of course, disagree. More pertinently, it is plaintiffs' position that disagreement over a forthcoming motion to dismiss should not and cannot stall the progress of this case. Additionally, it should not be used as an excuse to refuse to meet and confer. Parties make and oppose, and courts decide, many motions. Nevertheless, the parties must remain collegial, comply with the rules and orders of the Court, and be practical about moving cases forward.

Defendants are not being practical. They are very clearly delaying. Even when plaintiffs brought to defendants' attention paragraph 8(b) of this court's standing order requiring that the parties move the case along, defendants made an excuse to delay. On each of the following dates, defendants refused to meet and confer regarding this case:

**Table 1: Defs. Refusals to Meet & Confer re CV17-09003 (in reverse order)**

| Request # and Date | Summary of Request | Summary of Response | EXHIBIT and Page # |
|---|---|---|---|
| Req. 5 02/07/18 | Plaintiffs respond to defendants' question about the scope of the injunction. Plaintiffs again repeat that they would like to meet and confer re the motion for preliminary injunction. And, "We would also like to meet and confer about streamlining discovery and resolving any foreseeable issues in the litigation. We believe that this could save Judge Kronstadt, his clerks, and all counsel, some effort later on down the road. We are also considering amen-ding our complaint, and would like to discuss that too. Plaintiffs again offer to validate everyone's par-king. (@ 4:50 pm) | No response from defendants. | Exhibit E, p. 1 |
| Req. 4 02/02/18 and 02/05/18 | Plaintiffs expand upon the nature of the prejudice defendants' delay is causing, citing the 90 days within which the motion for class certification must be filed per CACD LR 23-3, as well as the grave harm underlying the need for plaintiffs' motion for a preliminary injunction. Plaintiffs reiterate their request for each defendant's position on the *ex parte* and ask that defendants honor plaintiffs' request for a meet and confer. (02/02/18 @ 8:23 pm) | Defendants 'echo' prior comments of refusal, stating "I don't know what the urgency is, either, regarding Plaintiffs' unique *ex parte* proposal." Defendants ask what plaintiffs will seek to enjoin. (02/05/18 @ 7:02 am) | Exhibit E, p. 1,2 |
| Req. 3 02/02/18 | Plaintiffs ask to meet and confer re motion for preliminary injunction, and ask for position on ex parte re refusal to meet and confer re FRCP Rule 26(f) conference. (@ 12:47 pm) | Defendants refuse to meet and confer, state inapplicable ripeness authority, and threaten to seek attorneys fees against elementary school students and their teachers. (@ 1:01 pm) | Exhibit E, p. 2,3 |
| Req. 2 01/26/18 (cont.) | Question as to whether defendants are "refusing to engage in the Rule 26(f) conference until after your planned motion is decided"? (@ | "The answer to your question is yes." (@ 3:04 pm) | Exhibit F, pp. 1 |

| | | | |
|---|---|---|---|
| | | 3:00 pm) | |
| Req. 2 01/26/18 | Plaintiffs ask to have the FRCP Rule 26(f) conference on one of three days within the next 12 days. Advise of the need to coordinate discovery and of Paragraph 8(b) of Judge Kronstadt's "Initial Standing Order For Civil Cases." (@ 11:19 am) | Defendants refuse and state their intent to move to dismiss due to ripeness. Decline to comply with Paragraph 8(b) due to contention that discovery is premature. (@ 1:56 pm) | Exhibit F, pp. 1,2 |
| Req. 1 01/17/18 | Plaintiffs ask to have the FRCP Rule 26(f) conference when the parties meet for the state law case. (@ 10:43 am) | Defendants refuse and state that they opt to hold the Rule 26(f) conference at a different time. (@ 3:12 pm) | Exhibit F, p. 3 |

## IV. EX PARTE RELIEF IS APPROPRIATE

The Court has authority to grant relief on an *ex parte* basis in urgent and/or unusual situations. *Ex parte* relief is appropriate "where there is some genuine urgency such that 'immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition.' (citation omitted). The moving party must show that he 'is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.' *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). *Ex parte* applications are also appropriate 'where there is a danger that notice to an opposing party will result in that party's flight, destruction of evidence . . . or secretion of assets . . . .' *In re Intermagnetics Am.,* 101 B.R. 191, 193 (C.D. Cal. 1989). *Ex parte* applications may also be appropriate 'where the other side actually is served' and 'a party seeks a routine order (e.g., to file an overlong brief or to shorten the time within which a motion may be brought).' *Id.* at 193-94. *GunVault, Inc. v. Wintrode Enters.*, No. ED CV12-01459 JAK (RZx), 2015 U.S. Dist. LEXIS 187633, at *3-4 (C.D. Cal. Dec. 1, 2015).

The facts underlying this *ex parte* application establish the criteria for the relief sought. The health, education and safety risks presented by defendants' actions threaten irreparable harm. That threat of harm, coupled with defendants' ongoing

action in furtherance of the project, creates a factual urgency which demands a preliminary injunction.

Additional procedural urgency is presented by the 90-day class certification deadline of CACD LR 23-3 which is set to pass before plaintiffs would be able to satisfy meet and confer and notice requirements. Plaintiffs will likely need some degree of pre-certification discovery, and will most likely need an extension of the certification deadline, but defendants refuse to even respond with a date to meet about the case.

Making any of the above motions, engaging in discovery and/or moving the case forward in any meaningful way all procedurally require a meet and confer, which defendants are strategically refusing. Plaintiffs are neither at fault for the underlying crisis of the health, educational and safety risks – nor are they at fault for defendants' refusals to meet and confer. Thus, plaintiffs' *ex parte* application should be granted.

### V.  CONCLUSION

Based upon the foregoing, this Court should grant plaintiffs' application for an *ex parte* order setting a date for counsel to meet and confer regarding currently contemplated motions, disputes and FRCP rule 26(f). Due to the delays detailed herein, plaintiffs also respectfully request flexibility in the Court's consideration of any request for an extension of the CACD LR 23-3 class certification deadline – should plaintiffs need to make such a request.

DATE: FEBRUARY 23, 2018

/s/ - *Olu K. Orange*
_____
Olu K. Orange, Esq.
Attorney for the Plaintiffs