Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohshlaw.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohshlaw.com
**ORBACH HUFF SUAREZ + HENDERSON LLP**
1901 Harrison Street, Suite 1630
Oakland, CA 94612
Telephone: 510.999.7908/Facsimile: 510.999.7918

Gabriel S. Dermer, Assistant City Attorney (SBN: 229424)
gabriel.dermer@lacity.org
Office of the Los Angeles City Attorney
200 N. Main Street, Room 675, City Hall East
Los Angeles, CA 90012
Telephone: 213.978-7558/Facsimile: 213.978.7011

Attorneys for Defendants
CITY OF LOS ANGELES, PAUL KORETZ and VINCENT BERTONI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.G., a minor, by and through her guardian *ad litem*, Brittany Dorn; A.D.G., and R.L., minors, by and through their guardian *ad litem*, Derek Spencer; N.B., a minor, by and through his guardian *ad litem*, Araceli Boyce; A.G., a minor, by and through his guardian *ad litem*, Karla Garcia; CHRISTAL LORD; and DYANNA SANABRIA; individually and as class representatives,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, PAUL KORETZ, VINCENT BERTONI and DOES 1 THROUGH 10,<br><br>                    Defendants. | Case No. 17-cv-09003 JAK (JPR)<br><br>**REPLY IN SUPPORT OF DEFENDANTS CITY OF LOS ANGELES, PAUL KORETZ AND VINCENT BERTONI'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>DATE: October 7, 2019<br>TIME: 8:30 a.m.<br>DEPT: Courtroom 10B<br>JUDGE: Hon. John A. Kronstadt |

ORBACH HUFF SUAREZ + HENDERSON LLP

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

    A.     The City Has Not Violated Any ADA Laws ............................................................. 2

    B.     Plaintiffs' Claims are Moot and Voluntarily Waived ............................................... 5

    C.     Plaintiffs' Section 1983 Claims Fail as a Matter of Law ........................................ 6

    D.     Qualified Immunity Precludes Plaintiffs' Federal Claims ..................................... 7

    E.     Plaintiffs' State Law Claims Fail as a Matter of Law ............................................. 8

    F.     Plaintiffs' Claim for Punitive Damages Must be Dismissed ................................. 9

II.    CONCLUSION ............................................................................................................... 10

ORBACH HUFF SUAREZ + HENDERSON LLP

# TABLE OF AUTHORITIES

**Page(s)**

## Supreme Court Opinions

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................... 5, 7, 8

*City of Canton v. Harris,*
489 U.S. 378 (1989) ..................................................................... 7

*City of Escondido v. Emmons,*
139 S. Ct. 500 (2019) ................................................................... 8

*Dolan v. City of Tigard,*
512 U.S. 374 (1994) ..................................................................... 5

*Los Angeles v. Heller,*
475 U.S. 796 (1986) ..................................................................... 7

*Nollan v. California Coastal Comm'n,*
483 U.S. 825 (1987) ..................................................................... 5

*Renne v. Geary,*
501 U.S. 312 (1991) ..................................................................... 5

## Federal Court Opinions

*Alford v. City of Cannon Beach,*
2000 WL 33200554 (D. Or. 2000) ................................................. 2

*Bay Area Addiction Research & Treatment, Inc. v. City of Antioch,*
179 F.3d 725 (9th Cir. 1999) ........................................................ 4

*C.N. v. Wolf,*
410 F.Supp.2d 894 (C.D. Cal. 2005) ............................................ 10

*Clark v. City of Lakewood,*
259 F.3d 996 (9th Cir. 2001) ........................................................ 5

*Cmtys. Actively Living Indep. & Free v. City of L.A.,*
No. CV 09-0287 CBM RZX, 2011 WL 4595993 (C.D. Cal. Feb. 10, 2011) ........................ 4

ORBACH HUFF SUAREZ + HENDERSON LLP

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*In Re First Alliance Mortgage Company*,
    41 F.3d 977. (9th Cir. 2006) .................................................. 9

*Larez v. City of Los Angeles*,
    946 F.2d 630 (9th Cir. 1991) .................................................. 10

*Makah Indian Tribe v. Verity*,
    910 F.2d 555 (9th Cir. 1990) .................................................. 6

*Morton Intern, Inc. v. Cardinal Chemical Co.*,
    967 F.2d 1571 (Fed. Cir. 1992) .................................................. 5

*Noel v. New York City Taxi & Limousine Comm'n*,
    687 F.3d 63 (2d Cir. 2012) .................................................. 2, 3, 8

*Northrop Corp. v. McDonnell Douglas Corp.*,
    705 F.2d 1030 (9th Cir. 1983) .................................................. 6

*O'Byrne v. Reed*,
    2010 U.S. Dist. LEXIS 153617 (C.D. Cal. February 5, 2010) .................................................. 2

*Picaro v. Pelham 1130 LLC*,
    2016 U.S. Dist. LEXIS 46580 (SDNY March 31, 2016) .................................................. 2, 3

*Reeves v. Queen City Transp.*,
    10 F.Supp.2d 1181 (D. Colo. 1998) .................................................. 8

*SmileCare Dental Group v. Delta Dental Plan*,
    88 F.3d 780 (9th Cir. 1996) .................................................. 9

*Terrell v. USAir*,
    132 F.3d 621 (1998) .................................................. 6

*Tyler v. City of Manhattan*,
    849 F.Supp. 1429 (D. Kan. 1994) .................................................. 2, 3, 8

ORBACH HUFF SUAREZ + HENDERSON LLP

ORBACH HUFF SUAREZ + HENDERSON LLP

**TABLE OF AUTHORITIES (continued)**

Page(s)

## State Cases

*Keyes v. Santa Clara Valley Water Dist.*,
 128 Cal.App.3d 882 (1982) .......................................................... 9

*Susman v. Los Angeles*,
 269 Cal.App.2d 803 (1969) .......................................................... 9

*Turner v. Ass'n of American Medical Colleges*,
 167 Cal.App.4th 1401 (2008) ....................................................... 4

## Federal Statutes

42 U.S.C. section:
 1983 ............................................................................................ 6

## State Statutes

Civil Code section:
 51 ............................................................................................... 4

Code of Civil Procedure section:
 877 ............................................................................................. 6

Government Code section:
 815.2 .......................................................................................... 9
 818 ............................................................................................. 9
 820.2 .......................................................................................... 9
 821.2 .......................................................................................... 9
 821.4 .......................................................................................... 9
 821.6 .......................................................................................... 9
 845 ............................................................................................. 9
 846 ............................................................................................. 9

Public Resources Code section:
 21000 ......................................................................................... 1
 21167 ......................................................................................... 6

# TABLE OF AUTHORITIES (continued)

**Page(s)**

**Federal Rules**

Federal Rules of Civil Procedure, Rule:
19 ........................................................................................................................ 6

**Other**

28 C.F.R. § 35.130 .......................................................................................... 2, 4, 5

California Code of Regulations, Title 14, Section 15000 ..................................... 1

Los Angeles Municipal Code section 91.3307.1 ................................................. 3

ORBACH HUFF SUAREZ + HENDERSON LLP

# I.     INTRODUCTION AND SUMMARY OF ARGUMENT

At the outset, it should be noted that Plaintiffs' Opposition repeatedly misrepresents and misconstrues Defendants' arguments. Given Plaintiffs' misdirection, a summary of the actual arguments advanced by the City is necessary. First, the "discrimination" complained of by Plaintiffs is wholly attributable to a private developer ("Developer") that Plaintiffs have dismissed from this lawsuit. Furthermore, Plaintiffs have reached a settlement with the Developer which releases any and all claims related to the subject Project. Since the ADA (and related disability laws) typically allow only injunctive relief, Plaintiffs' claims are now moot. Even if they weren't, this Court cannot order the non-party Developer to conduct its construction activities in a "non-discriminatory" manner.

Furthermore, Plaintiffs' arguments are expressly refuted by established precedent and the United States Department of Justice's Technical Assistance Manual, which confirm that a private developer's actions do not become a "program or activity" of a public entity simply because the City licensed the Project. Finally, Plaintiffs cannot rewrite the California Environmental Quality Act ("CEQA," Public Resources Code § 21000, *et seq.*), the CEQA Guidelines (California Code of Regulations, Title 14, Section 15000, *et seq.*) and published court decisions interpreting CEQA to include a requirement to anticipate and guard against any potential conduct by a private developer. No case, statute or law has ever imposed such an obligation on a public entity.

Simply put, Plaintiffs' factual assertions fall short of stating a violation of any law or any other due process, First Amendment or negligence violation. Furthermore, Plaintiffs' claims are moot after its settlement with the Developer. Plaintiffs' dismissal of their state law CEQA Case voluntarily waived any remaining claims as to notice, due process or First Amendment violations. As Plaintiffs' claims are utterly devoid of factual support and entirely meritless, the Third Amended Complaint ("TAC") requires dismissal in its entirety without leave to amend.

///

ORBACH HUFF SUAREZ + HENDERSON LLP

## A.    The City Has Not Violated Any ADA Laws

Contrary to Plaintiffs' Opposition, their claims undeniably originate from a construction project near the Palms Elementary School where Plaintiffs attend and/or work.  TAC, ¶ 1 ("This lawsuit stands between 350 elementary school children and their teachers on one site – and deprivation of education and grave risks of cancer, with carcinogens far beyond the legal limits – on the other.").  As to the City, Plaintiffs allege that it failed to consider disabled individuals when it approved the Developer's construction Project.  TAC, ¶¶ 39-44; Plaintiff's Opposition ("Opp") at p. 7.  The ADA Laws, however, do not impose an obligation on public entities such as the City to anticipate and protect disabled individuals from improper conduct by private developers.

Contrary to Plaintiffs' allegations, the City's actions have not caused any harm.  Rather, the harm was caused from the toxins and/or noises related to the Developer's construction activities.  Thus, these harms are not from an "activity" performed by the City, but rather by the Developer.  Indeed, an "activity does not become a 'program or activity' of a public entity merely because it is licensed by the public entity."  Technical Assistance Manual at II-3.7200, s*ee, also, 28 C.F.R. § 35.130(b)(6)* ("the programs or activities of entities that are licensed or certified by a public entity are not themselves covered by this part").  *Noel v. New York City Taxi & Limousine Comm'n*, 687 F.3d 63, 69 (2d Cir. 2012) (explaining that under the ADA "the persons who are protected are those who are seeking licenses").

The case law cited in Defendants' moving papers is directly on point.  *See, generally, Alford v. City of Cannon Beach*, 2000 WL 33200554 (D. Or. 2000); *Tyler v. City of Manhattan*, 849 F.Supp. 1429 (D. Kan. 1994); *Noel v. New York City Taxi and Limousine Commission,* 687 F.3d 63, 69-70 (2d Cir. 2012); *Picaro v. Pelham 1130 LLC*, 2016 U.S. Dist. LEXIS 46580 (SDNY March 31, 2016) ("*Picaro*"); *O'Byrne v. Reed*, 2010 U.S. Dist. LEXIS 153617, *13 (C.D. Cal. February 5, 2010).  Rather than address the merits of each cited case, Plaintiffs attempt to dismiss them as "old" or "nonbinding."  However, even a cursory review of the cited precedent contradicts Plaintiffs' claims.

ORBACH HUFF SUAREZ + HENDERSON LLP

ORBACH HUFF SUAREZ + HENDERSON LLP

1    *Picaro v. Pelham* is particularly instructive.  There, the city was sued by tenants of

2  an apartment building that alleged the city "aid[ed] and abet[ed] the discriminatory

3  actions of the Landlord Defendants" in approving an elevator repair permit, where the

4  repair work shut down the building's only elevator subjecting the disabled tenants to

5  remain in their apartments for weeks or months at a time while the construction was on

6  going.  *Picaro* at *7-8.  In finding the government defendants not liable for the results of

7  the construction operations, the court stated:

> Although Government Defendants regulate the industry through
> enforcement of the Construction Codes and issuance of building permits,
> inspections, and certificates of use and occupancy, the activities of the
> Landlord Defendants are not imputed to the Government Defendants
> because "the programs or activities of licensees or certified entities are not
> themselves programs or activities of the public entity merely by virtue of the
> license or certificate." *Id.* at 70 (citing *Tyler*).  Furthermore, Plaintiffs'
> argument that the DOB provides a service since it is the exclusive agency in
> charge of issuing permits for construction and building is unavailing.  (Plfs.'
> Opp. to Mot. to Dismiss 21.) In the absence of allegations that the purported
> discrimination by the Landlord Defendants was a result of compliance with
> DOB's requirements or a contractual relationship with the DOB, the
> pervasiveness of the regulation of the private building industry is not
> sufficient to convert the Landlord Defendants' alleged discrimination into
> discrimination by the Government Defendants.  *See*, *Noel* at 72.

*Picaro,* 2016 U.S. Dist. LEXIS 46580 at *45.  Turning to the current claims, Plaintiffs

have not identified any building code or other City regulation that allegedly discriminates

against them.[1]  Instead, Plaintiffs point only to the Developer's construction activities as

the source of their harm.  These activities, however, are committed by the Developer.[2]

---

[1] Plaintiffs also do not cite any law or argument to suggest that a City's compliance with other
statutory provisions (such as CEQA) can constitute a violation of the ADA Laws.

[2] Los Angeles Municipal Code section 91.3307.1 states:  "Adjoining public and private property
shall be protected from damage during construction, remodeling and demolition work."  Thus,
the obligation to protect neighboring properties and community members from construction
activities resides with the contractor/owner (i.e., the licensee or permittee) who is constructing
the project; not the City.

Plaintiffs attempt to obscure the issue by asserting that a public entity's zoning or emergency action plans are subject to the ADA Laws. *See, generally,* Opp at pp. 9-10. Such arguments are inapposite and not reflective of Plaintiffs' actual allegations. Contrary to Plaintiffs' contentions, the City is not *directly* acting to cause Plaintiffs harm, i.e., by denying *Plaintiffs* a license or permit by changing the *City's* zoning plan or by failing to include *Plaintiffs* in the *City's* emergency action plans. *See, i.e., Bay Area Addiction Research & Treatment, Inc. v. City of Antioch,* 179 F.3d 725, 731-33 (9th Cir. 1999) (finding that changes in a city's zoning plan intended to deny operation of a methadone clinic to be a facial violation of the ADA Laws); *Cmtys. Actively Living Indep. & Free v. City of L.A.,* No CV 09-0287 CBM RZX, 2011 WL 4595993 (C.D. Cal. Feb. 10, 2011) ("[D]espite the special accommodations that individuals with disabilities require, the City admits that it has no plan to notify, evacuate, transport, or shelter these individuals in the event of an emergency or natural disaster" yet its emergency preparedness plan addressed such needs for non-disabled individuals.). By comparison, it is the *Developer's* construction activities (a third-party's activities) which will result in Plaintiffs' harm. TAC, ¶ 1. The fact that the City must comply with CEQA in evaluating a construction project does not alter this reality. Thus, the City is not liable for permitting a third party's activities, even one which could eventually result in a violation of the ADA Laws. 28 C.F.R. § 35.130(b)(6).

In essence, Plaintiffs argue that any time a disabled individual's requests are not fully accepted, or a permit issued over a disabled individual's objections, it automatically equates to a violation of the ADA Laws.[3] This is not the law. The City is simply *not* liable for the activities of third parties, regardless of whether a construction permit was issued.

///

---

[3] As previously noted, because there is no violation of the ADA here, there cannot be a violation of the Unruh Civil Rights Act, given the facially neutral policies at issue. *Turner v. Ass'n of American Medical Colleges,* 167 Cal.App.4th 1401, 1407 (2008); Cal. Civ. Code §§ 51(c), 51(f); TAC, ¶ 133.

ORBACH HUFF SUAREZ + HENDERSON LLP

**B.     Plaintiffs' Claims are Moot and Voluntarily Waived**

Significantly, Plaintiffs' Opposition concedes that their claims are moot and that no injunctive relief is warranted.  In Plaintiffs' own words,

> [B]ecause of a settlement reached between Plaintiffs and former Developer defendants, [the Project] will go forward with reasonable and necessary mitigating measures in place to protect children with disabilities…"  Opp at 1:3-6, Dkt 167.

Given the foregoing, Plaintiffs' claims are moot.  The heart of Plaintiffs' claims are the injuries they will sustain from the construction activities, which have now been fully mitigated.  A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001).  "Past exposure to illegal conduct does not in itself show a present case or controversy…if unaccompanied by any continuing, present adverse effects." *Renne v. Geary*, 501 U.S. 312, 320-21 (1991).  "If an issue is moot in [the] sense" that is "no longer present an actual case or controversy," then a court has no discretion but must dismiss for lack of jurisdiction." *Morton Intern, Inc. v. Cardinal Chemical Co.*, 967 F.2d 1571, 1574 (Fed. Cir. 1992).[4]

Even assuming injunctive relief was required, it will necessarily affect the Developer's rights.  The Developer's Project has already been approved and it has vested rights of its own that cannot be infringed without due process and some legitimate basis. *See, generally,* *Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987) and *Dolan v. City of Tigard*, 512 U.S. 374 (1994).  Assuming a legitimate basis existed to rescind the City's approvals (which Plaintiffs again fail to proffer), the denial of the Developer's construction project would undoubtedly affect its interests.  But, the Developer is not a party to this litigation.  TAC, ¶ 17.  Consequently, Plaintiffs have failed to join an

---

[4] Plaintiffs' reference to a future construction project is insufficient to withstand dismissal (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), nor did Plaintiffs provide any evidence to substantiate any future project. TAC, ¶ 71; Opp at p. 15.  In any event, future construction activities are (again) activities performed by third parties, not activities of the City.  28 C.F.R. § 35.130(b)(6).

indispensable party and their TAC must be dismissed.  Fed. R. Civ. P. 19; *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990); *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).

Plaintiffs' remaining claims assert that the City's permitting process denied Plaintiffs' notice or otherwise denied them the opportunity to be heard.  TAC, ¶¶ 37-41, 51-52, 55-58.  Such arguments, however, all relate to the City's CEQA and other administrative processes and could only have been adjudicated in the CEQA Cases.  *See,* Cal. Pub. Res. Code §§ 21167, 21167.4; TAC, ¶ 91 (ADA Count One – alleging that Plaintiffs were "denied the benefits of the City's services by being excluded from consideration in the CEQA exemption screening because of their disability").  Yet, Plaintiffs voluntarily waived those claims when they dismissed their CEQA Cases.  Furthermore, there are no facts to suggest that Plaintiffs were treated any differently from non-disabled individuals – the ADA Laws are intended to ensure equal, not preferential, treatment.  *See*, *Terrell v. USAir*, 132 F.3d 621, 627 (1998) ("We cannot accept that Congress, in enacting the ADA, intended to grant preferential treatment for disabled [individuals].").  Furthermore, Plaintiffs have not presented any opposition *whatsoever* to the City's point that these claims were waived.  It is axiomatic that Plaintiffs' claims cannot survive their own voluntary dismissal.[5]

## C.    Plaintiffs' Section 1983 Claims Fail as a Matter of Law

Plaintiffs' Opposition again fails to address the City's arguments; i.e., that Plaintiffs' "facts" are impermissibly vague as Plaintiffs cite to no specific City process, rules or administrative guidelines that were allegedly violated by Defendants' conduct.  Without these crucial facts, Plaintiffs cannot establish that their due process or First

---

[5] Plaintiffs reference to California Code of Civil Procedure section 877, governing good faith settlements is of no import.  This is not a joint tortfeasor situation.  Rather, the City avers that Plaintiffs claims against the City are moot.  In dismissing the CEQA Cases, Plaintiffs voluntarily waived and dismissed their due process and notice claims.

Reply ISO Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint [17-cv-09003 JAK (JPR)]

ORBACH HUFF SUAREZ + HENDERSON LLP

Amendment[6] rights have been violated.  *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility … when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." . . . "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  Plaintiffs' reliance on vague and isolated allegations without any indication of when such meetings were held, who was invited, whether the meetings were open to the public at all or what specific administrative procedures, rules or laws were allegedly violated, fail to plausibly allege a violation of their due process or First Amendment rights.

Where a plaintiff is unable to establish a constitutional deprivation, the plaintiff cannot establish that the municipality is liable either.  *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury [ ], the fact that departmental regulations might have authorized the [alleged action] is quite beside the point.").  Furthermore, Plaintiffs never establish a "direct causal link" between any alleged policy or custom and the claimed constitutional deprivation.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiffs' threadbare conclusory allegations of harm related to illusory policies cannot withstand judicial scrutiny.  This Motion must therefore be granted as there is no potential for liability as against Defendants for these claims.

**D.**  **Qualified Immunity Precludes Plaintiffs' Federal Claims**

Plaintiffs attempt to argue that Defendants' actions violate "clearly established" law because Defendants *should have known* that the ADA broadly encompasses "anything a public entity does."  Opp at pp. 22-23.  Yet, Plaintiffs ignore the fact that

---

[6] Plaintiffs' arguments in opposition cite that the City violated Plaintiff Lord's First Amendment rights because it denied her an opportunity to voice her opposition to the Project – i.e., the City placed a viewpoint restriction on her speech.  Opp at pp. 19-20; TAC, ¶¶ 57-58.  Plaintiffs, however, miss the larger point argued by the City, as Plaintiffs have never alleged facts to establish this purported violation.  That a Councilmember has a closed-door, private meeting with select individual(s), does not mean that Plaintiff Lord was allowed to be present or offer her viewpoint.  Nowhere have Plaintiffs specified how these meetings violated any rules, procedures or policies or that the meetings were even open for public commentary.  Plaintiffs' mere assertion of a violation does not make it so.

ORBACH HUFF SUAREZ + HENDERSON LLP

"the scope of Title II is not limitless." *Reeves v. Queen City Transp.*, 10 F.Supp.2d 1181, 1185 (D. Colo. 1998) (finding that a city's authorization of a private program was not itself a program of the city subject to the ADA, based on the reasoning in *Tyler v. City of Manhattan*, 849 F.Supp. 1429 (D. Kan. 1994)).  Defendants Koretz and Bertoni are entitled to qualified immunity; it is not "clearly established" that a City's mere permitting and approval of a construction project violates the ADA, if the City does not consider a disabled individual's criticisms of the project.

To deny qualified immunity, "existing precedent must place the lawfulness of the particular action beyond debate." *City of Escondido v. Emmons*, 139 S. Ct. 500, 504 (2019).  Further, "the clearly established right must be defined with specificity.  '[The United States Supreme Court] has repeatedly told courts … not to define clearly established law at a high level of generality.'" *Id*, 139 S. Ct. at 503.  Plaintiffs attempt to do exactly what the Supreme Court has articulated *must not* occur – i.e., defining the right at a high level of generality.  The ADA is not unlimited as demonstrated by *Tyler, Noel* and even the Federal Regulations themselves.  Thus, *if* Defendants actions in approving the Developer's Project constituted a violation of the ADA in this case, that was not at all "clearly established" by existing precedent.  Consequently, they are entitled to qualified immunity.

### E.    Plaintiffs' State Law Claims Fail as a Matter of Law

Like their federal counterparts, Plaintiffs' state law claims fail to identify any specific facts that rise to an actionable level.  For example, Plaintiffs' negligence claim (Count Eight) recites purely conclusory legal conclusions with no facts to support the essential elements of a negligence claim.  TAC, ¶¶ 146-150.  Instead, the parties and Court are left to speculate what facts Plaintiffs contend support their claim.  Like the due process and First Amendment claims, Plaintiffs' state law claims are impermissibly vague.  *Iqbal, supra.*  Plaintiffs' Opposition fails to address this glaring error.  Furthermore, Defendants cannot overcome the statutorily enacted immunities that shield Defendants from liability.

ORBACH HUFF SUAREZ + HENDERSON LLP

- 8 -

The Government Claims Act has given rise to special pleading rules whenever a plaintiff sues a public entity.  At the time a plaintiff drafts their complaint, they must plead "with particularity . . . [e]very fact essential to the existence of statutory liability." *Susman v. Los Angeles*, 269 Cal.App.2d 803, 809 (1969).  That is, a plaintiff's complaint must state facts indicating that a particular statute supports each cause of action and every element of that cause of action is satisfied.  Claims may be dismissed because they fail to allege sufficient facts to support any cognizable legal claim.  *SmileCare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir. 1996).  Consequently, Plaintiffs' state law claims merely alleging conclusory statements of negligence, particularly as to Counts Six, Seven and Eight, fail as a matter of law.

A plaintiff "must plead facts sufficient to show her cause of action lies outside the breadth of any applicable statutory immunity." *Keyes v. Santa Clara Valley Water Dist.*, 128 Cal.App.3d 882, 885-86 (1982).  Therefore, a plaintiff who sues a public employee must affirmatively show in the pleadings that no particular statutory immunity applies to the case.  If a plaintiff fails to meet this pleading burden, a public entity's challenge to her complaint must be sustained.  *Keyes*, 128 Cal.App.3d at 884.

Plaintiffs present absolutely no argument in response to Defendants' entitlement to immunity pursuant to Government Code sections 815.2(b), 818.4, 820.2, 821.2, 821.4, 821.6, 845, and/or 846.  Plaintiffs' attempts to wish away the immunities as if they didn't exist hardly suffices to satisfy their pleading burden.  Opp at p. 20.  Regardless of how Plaintiffs characterize Defendants' actions, there can be no dispute that the above-referenced immunities foreclose Plaintiffs' state law claims.

### F.    Plaintiffs' Claim for Punitive Damages Must be Dismissed

Lastly, Plaintiffs fail to factually support their claim for punitive damages. Generally, to support a claim for punitive damages a plaintiff must show that a defendant acted with fraud, oppression or malice, which is absent in the TAC.  *In Re First Alliance Mortgage Company,* 41 F.3d 977, 998. (9th Cir. 2006).  Plaintiffs' Opposition alleges that the Individual Defendants acted maliciously in subjecting Plaintiffs to toxins and

ORBACH HUFF SUAREZ + HENDERSON LLP

- 9 -

contaminates that:  1) never actually occurred, and 2) Defendants did not cause.  Opp at pp. 24-25.  Moreover, Plaintiffs fail to address that the entirety of the Individual Defendants' conduct was within their official capacity for the City, and therefore, there is no basis to seek punitive damages.  *See, e.g.*, *C.N. v. Wolf*, 410 F.Supp.2d 894, 904 (C.D. Cal. 2005) (refusing to bar a claim for punitive damages because plaintiffs sought punitive damages against individual defendants in their personal capacities).  Unquestionably, Plaintiffs' allegations against the Individual Defendants are in their capacity as official employees for the City.  *See*, TAC, ¶¶ 15-16.  A "suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself."  *Larez v. City of Los Angeles,* 946 F.2d 630, 646 (9th Cir. 1991).  Accordingly, all claims for punitive damages must be dismissed.

## II.    CONCLUSION

Defendants City of Los Angeles, Paul Koretz and Vincent Bertoni respectfully request their Motion to Dismiss Plaintiffs' Third Amended Complaint be granted in its entirety without leave to amend.

Dated:  July 8, 2019              Respectfully submitted,

**ORBACH HUFF SUAREZ + HENDERSON LLP**

By:   /s/  Kevin E. Gilbert
          Kevin E. Gilbert
          Attorney for Defendants
          CITY OF LOS ANGELES, PAUL KORETZ
          and VINCENT BERTONI

ORBACH HUFF SUAREZ + HENDERSON LLP